FILED
2009 May-12  PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| VALERIE I. HEINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| MIDLAND FUNDING, LLC, EQUIFAX | ) |
| INFORMATION SERVICES, INC., and | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Comes now Defendant, Equifax Information Services, LLC ("Equifax"), by and through undersigned counsel, and hereby files this Notice of Removal of this action from the Circuit Court of Shelby County, Alabama, wherein it is now pending as Case No. CV-09-900208, to the United States District Court for the Northern District of Alabama, Southern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows unto the Court as follows:

1.    An action was filed on April 7, 2009 in the Circuit Court of Shelby County, Alabama, entitled *Valerie I. Heine v. Midland Funding LLC, et al.*, Civil Action No. CV-09-900208 (the "State Court Action").

2.    Equifax was served with the Complaint on April 9, 2009. Midland was served with the Complaint on April 9, 2009, and Experian was served with the Complaint on April 23, 2009. Co-defendant, Experian's Consent to Removal is attached hereto as **Exhibit A**. Pursuant to Alabama Rules of Civil Procedure Rule 41(a)(1), Plaintiff's

action against co-defendant, Midland, was dismissed on April 27, 2009 by filing a Joint Stipulation of Dismissal without the need for an Order by the Court.

3.     This Notice is being filed with the Court within thirty (30) days after Equifax was served with a copy of Plaintiff's initial pleading setting forth the grounds for her action and her claims for relief.

4.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically 15 U.S.C. § 1681 *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

(a)     Plaintiff's Complaint, on its face, alleges a violation of the FCRA. (See first unnumbered paragraph of Plaintiff's Complaint).

(b)     The FCRA, pursuant to 15 U.S.C. § 1681(p), provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy . . ."

5.     Promptly after the filing of this Notice of Removal, Equifax shall give written notice of the removal to the Plaintiff and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

6.     Attached hereto, as **Exhibit B**, are copies of the Summons and Complaint served upon Equifax in the State Court Action.

7.     Attached hereto, as **Exhibit C**, are copies of the entire file in the State Court Action pending in the Circuit Court of Shelby County, Alabama, Case No. CV-09-900208.

WHEREFORE, Equifax requests that the above-described action be removed to this Court.

Done this 11th day of May, 2009.

Respectfully submitted,

**EQUIFAX INFORMATION SERVICES, LLC**

By:  s/Victoria J. Franklin-Sisson
Victoria J. Franklin-Sisson
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
505 20th Street N., Ste. 600
Birmingham, Alabama   35203
Tel.:   205.226.5200
Fax:   205.226.5226
vsisson@joneswalker.com

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of May, 2009, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel.

Wesley L. Phillips, Esq.
Vincent L. Adams, Esq.
Paul R. Kornis, Esq.
Phillips Law Group, LLC
P. O. Box 130488
Birmingham, AL   35213-0488

Laura C. Nettles, Esq.
Colonial Bank Building
Lloyd, Gray, & Whitehead, P.C.
2501 20th Place S., Suite 300
Birmingham, AL   35223

Jason Brent Tompkins, Esq.
Balch & Bingham, LLP
P. O. Box 306
Birmingham, AL     35201

By:  s/Victoria J. Franklin-Sisson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

VALERIE I. HEINE,                                 )
                                                  )
    Plaintiff,                 )
                                                  )
v.                                                ) Case No. _____
                                                  )
MIDLAND FUNDING, LLC, EQUIFAX )
INFORMATION SERVICES, INC., and )
EXPERIAN INFORMATION                              )
SOLUTIONS, INC.,                                  )
                                                  )
    Defendants.                )

## CONSENT TO REMOVAL

Without waiving any of its defenses or any other rights, Defendant Experian

Information Solutions, Inc., hereby consents to the removal of the above-captioned

matter from the Circuit Court for Shelby County, Alabama to the United States

District Court for the Northern District of Alabama, Western Division.

Dated: May //th, 2009.



## CERTIFICATE OF SERVICE

I hereby certify that on the __11th__ day of **May, 2009**, a true and correct copy of the foregoing has been delivered by U.S. Mail, properly addressed and postage prepaid to the following:

Vincent Lee Adams
608 Woodland Trace Way
Jasper, Alabama 35504

Wesley L. Phillips
Phillips Law Group
15 Office Park Circle
Suite 206
Birmingham, Alabama 35223

Paul R. Kornis
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242

Jason Brent Tompkins
Balch & Bingham, LLP
P.O. Box 306
Birmingham, Alabama 35201

Brian J. Olson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

Laura C. Nettles

OF COUNSEL

Laura C. Nettles
Attorney for Defendant Experian
Information Solutions, Inc.

**OF COUNSEL:**
**LLOYD, GRAY & WHITEHEAD, P.C.**
Colonial Bank Building
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
(205) 967-8822
(205) 967-2380 -- *facsimile*
lnettles@lgwpc.com



ELECTRONICALLY FILED
5/11/2009 1:41 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| VALERIE I. HEINE, )<br><br>    Plaintiff, )<br><br>    vs. )<br><br>MIDLAND FUNDING, LLC, a corporation; )<br>EQUIFAX INFORMATION SERVICES, INC., )<br>a corporation; and )<br>EXPERIAN INFORMATION SOLUTIONS, )<br>INC., a corporation, )<br><br>    Defendants. ) | Case No.: _____ |

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.       Plaintiff Valerie I. Heine is a resident of Shelby County, over 19 years of age, and is

competent to bring this action.

2.       Defendant Midland Funding, LLC (hereinafter "Midland") is registered in Delaware

with its principal place of business located in San Diego, California and was doing business in

Shelby County, Alabama at all times material to this Complaint.

3.       Defendant Equifax Information Services, LLC (hereinafter  "Equifax") is

registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing

business in Shelby County, Alabama at all times material to this Complaint.

4.       Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business located in Orange, California and was doing



EXHIBIT
B

business in Shelby County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5.      In May, 2008, Defendant Midland sued Plaintiff in the District Court of Shelby County, Alabama, with a case number of SM-2008-680.

6.      Plaintiff was served with the lawsuit case number SM-2008-680 filed by Defendant Midland on June 3, 2008.

7.      In this suit, Defendant Midland, asserted it was the owner of a certain debt allegedly owed by Plaintiff and asserted it was owed $1,523.13.

8.      Defendant Midland asserted it was owed the amount of $1,523.13 based on the theories of contract and account stated for its recovery against Plaintiff.

9.      In various correspondence Defendant Midland claimed Plaintiff owed it $1,523.13.

10.     Plaintiff denied and disputed the debt.

11.     After being sued, Plaintiff timely filed an Answer denying the allegations claimed by Defendant Midland.

12.     The District Court set the case for trial on August 21, 2008.  Notice was sent to Defendant Midland and Plaintiff.

13.     Defendant Midland, knowing it should not have sued Plaintiff in the first place in case number SM-08-680, then moved to dismiss the case with prejudice.

14.     The Honorable James Kramer, District Judge for Shelby County, entered an Order dismissing case number SM-2008-680, with prejudice, on September 19, 2008.

15.     The dismissal with prejudice by the District Court was a final adjudication on the merits.

16.     Defendant Midland is not the owner of this alleged debt.

17.     Defendant Midland reported to the credit reporting agencies that Plaintiff owed this money and was in default.

18.     Plaintiff did not owe this money to Defendant Midland.

19.     The debt being collected is a "consumer debt" as defined by the FDCPA.

20.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

21.     Defendant Midland is a "debt collector" as defined by the FDCPA.

22.     After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendants Experian and Equifax requesting an investigation of the Midland account that still appeared on Plaintiff's credit reports.

23.     Plaintiff requested the Midland account be deleted, as Plaintiff did not owe said account.

24.     Plaintiff requested  Defendants Experian and Equifax to contact the Defendant Midland's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from his credit reports.

25.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

26.     In fact, no Defendant performed any type of reasonable investigation.

27.     Defendants Experian and Equifax notified Defendant Midland in accordance with the FCRA of the dispute by the Plaintiff.

28.     Alternatively, Defendants Experian and Equifax did not properly notify Defendant Midland and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Midland. This includes notification that Plaintiff won the lawsuit in the District Court.

29.     All Defendants failed to properly investigate these disputes, and if Defendants had properly investigated, the Midland account would have been deleted.

30.     On September 29, 2008, Defendant Equifax issued its results of investigation, Confirmation report number 8270037390, showing the Defendant Midland account with a balance of $1,962, last reported in September, 2008, that it is a collection account, and it is disputed by the consumer.

31.     On October 14, 2008, Defendant Experian issued the results of its investigation, Report Number 2491060598, showing the Defendant Midland account as "updated" with a balance of "$1964 as of Oct 2008," last reported in October, 2008, that it is a collection account, it is disputed by the consumer, and stating "This item was verified and updated on Oct 2008." In addition, the Experian report states, "This account is scheduled to continue on record until Mar 2010."

32.     The reports of Defendants Experian and Equifax to Plaintiff following the dismissal of Defendant Midland's case with prejudice against her show that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation into Plaintiff's dispute.

33.     All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Midland through its Small Claims Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

34.     Defendants Equifax and Experian have proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

35.     For example, had Plaintiff not answered the small claims suit and a default

judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Equifax, Experian, and Trans Union would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

36.     Defendants Experian and Equifax, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff Valerie Heine prevailed at trial on the merits.

37.     The verdict for Plaintiff Valerie Heine means the Plaintiff does not owe the money claimed by Defendant Midland.

38.     The District Court's ruling was a final judgment.

39.     The dismissal with prejudice was not appealed to the Shelby County Circuit Court.

40.     There is no avenue for appeal for Defendant Midland of this judgment as the time to appeal has long since passed.

41.     Despite this knowledge, Defendants Equifax and Experian have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Midland, has told them to say.

42.     Defendants Equifax and Experian have a policy to favor the paying customer, in this situation Defendant Midland, rather than what the consumer or even a court says about a debt.

43.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

44.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45.     Defendant Midland has a policy and procedure to refuse to update credit reports of

consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland knows no balance is owed.

46.     Defendant Midland promises through its subscriber agreements or contracts to accurately update accounts but Defendant Midland has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Midland had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Midland has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to

pay on an account she does not owe.

51.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes.

52.     At all relevant times the Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b) and state law.

53.     Defendant Midland  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54.     Defendant Midland has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Equifax, Trans Union, and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55.     The Defendants, Experian and Equifax have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate the accounts in response to the disputes made by Plaintiff.

56.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.     It is a practice of Defendant Midland to maliciously, willfully, recklessly, wantonly

and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

58.     It is a practice of Defendants, Experian and Equifax to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

59.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

60.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63.     Defendant Midland violated the FDCPA in numerous ways, including, but

not limited to the following:

    a.    Falsely reporting the debt on Plaintiff's credit reports with at least Experian, Equifax, and Trans Union when Plaintiff does not owe the money;

    b.    Suing the Plaintiff when there was no basis to do so;

    c.    Continuing to assert the suit in state court when Defendant Midland knew, or should have known, there was no basis for doing so;

    d.    Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

    e.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Midland is not entitled to collect upon.

64.    The violations of the FDCPA by the Defendant Midland is the proximate cause of Plaintiffs' injuries under the FDCPA due to Defendant Midland's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

65.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66.     Defendants Experian and Equifax are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

67.     Defendant Midland is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

68.     Plaintiff notified Defendants Experian and Equifax directly of a dispute on the Defendant Midland's account's completeness and/or accuracy, as reported.

69.     The credit reporting agencies failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

70.     Plaintiff alleges that at all relevant times Defendants Experian and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71.     Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Midland.

72.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

73.     All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

74.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

75.     Defendant Midland published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

76.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

77.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

78.     Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

### INVASION OF PRIVACY

79.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

80.    Defendant Midland recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

81.    Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

### NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

82.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

83.    Defendant Midland has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

84.    Defendant Midland has agreed to follow and understands it must follow the requirements of the FCRA.

85.    Defendant Midland has a duty under Alabama law to act reasonably under

the circumstances.

86.     Defendant Midland has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

87.     Defendant Midland violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

88.     Defendants Experian and Equifax, violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendants had or owed to Plaintiff.

89.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

  s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Vincent Adams (ADA071)
Rick Kornis (KOR004)
Attorneys for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

OF COUNSEL:
ADAMS & KORNIS, LLC
4000 Eagle Pointe Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 259-1919
Facsimile: (866) 729-9203


## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.

                              s/Wesley L. Phillips
                              OF COUNSEL


Plaintiff's Address:
Valerie I. Heine
131 Flagstone Drive
Chelsea, Alabama 35043


## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Midland Funding LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109



ELECTRONICALLY FILED
5/11/2009 1:41 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| VALERIE I. HEINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| MIDLAND FUNDING, LLC, a corporation; | ) | |
| EQUIFAX INFORMATION SERVICES, INC., | ) | |
| a corporation; and | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:    **Equifax Information Services, LLC**
                      **c/o CSC Lawyers Incorporating Service, Inc.**
                      **150 S. Perry Street**
                      **Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Shelby County Circuit Clerk, P.O. Box 1810, Columbiana, AL 35051.

_____
Clerk of Court

Dated: _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2009-900208.00 |
|---|---|---|

IN THE CIVIL COURT OF SHELBY, ALABAMA
VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL

NOTICE TO  EQUIFAX INFORMATION SERVICES, LLC, C/O CSC LAWYERS INC SERV 150 SOUTH PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY VINCENT LEE ADAMS

WHOSE ADDRESS IS 4000 EAGLE POINTE CORPORATE DRIVE, BIRMINGHAM AL, 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    VALERIE I HEINE
pursuant to the Alabama Rules of the Civil Procedure

| 3/11/2009 1:41:47 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s VINCENT LEE ADAMS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____         _____
Date                                    Server's Signature



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  PHILLIPS WESLEY LEVON
wlp@wphillipslaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D002 EQUIFAX INFORMATION SERVICES
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>58-CV-200<br>Date of Filing:<br>03/11/2009 | ELECTRONICALLY FILED<br>3/11/2009 1:41 PM<br>CV-2009-900208.00<br>CIRCUIT COURT OF<br>SHELBY COUNTY, ALABAMA<br>MARY HARRIS, CLERK |

## GENERAL INFORMATION

**IN THE CIRCUIT OF SHELBY COUNTY, ALABAMA**
**VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other        ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
Appeal/Enforcement of Agency Subpoena/Petition to
Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
Judgment/Injunction Election Contest/Quiet Title/Sale For
Division
☐ CVUD-Eviction Appeal/Unlawful Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM**   O ☐ **OTHER**
**DISTRICT COURT**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM**
**OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  ADA071      3/11/2009 1:30:07 PM      /s VINCENT LEE ADAMS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



**EXHIBIT**
*C*



ELECTRONICALLY FILED
3/11/2009 1:41 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| **VALERIE I. HEINE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Case No.:** _____ |
| ) | |
| **MIDLAND FUNDING, LLC, a corporation;** ) | |
| **EQUIFAX INFORMATION SERVICES, INC.,** ) | |
| **a corporation; and** ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** ) | |
| **INC., a corporation,** ) | |
| ) | |
| **Defendants.** ) | |

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.     Plaintiff Valerie I. Heine is a resident of Shelby County, over 19 years of age, and is

competent to bring this action.

2.     Defendant Midland Funding, LLC (hereinafter "Midland") is registered in Delaware

with its principal place of business located in San Diego, California and was doing business in

Shelby County, Alabama at all times material to this Complaint.

3.     Defendant Equifax Information Services, LLC (hereinafter "Equifax") is

registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing

business in Shelby County, Alabama at all times material to this Complaint.

4.     Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business located in Orange, California and was doing

business in Shelby County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5.     In May, 2008, Defendant Midland sued Plaintiff in the District Court of Shelby County, Alabama, with a case number of SM-2008-680.

6.     Plaintiff was served with the lawsuit case number SM-2008-680 filed by Defendant Midland on June 3, 2008.

7.     In this suit, Defendant Midland, asserted it was the owner of a certain debt allegedly owed by Plaintiff and asserted it was owed $1,523.13.

8.     Defendant Midland asserted it was owed the amount of $1,523.13 based on the theories of contract and account stated for its recovery against Plaintiff.

9.     In various correspondence Defendant Midland claimed Plaintiff owed it $1,523.13.

10.    Plaintiff denied and disputed the debt.

11.    After being sued, Plaintiff timely filed an Answer denying the allegations claimed by Defendant Midland.

12.    The District Court set the case for trial on August 21, 2008.  Notice was sent to Defendant Midland and Plaintiff.

13.    Defendant Midland, knowing it should not have sued Plaintiff in the first place in case number SM-08-680, then moved to dismiss the case with prejudice.

14.    The Honorable James Kramer, District Judge for Shelby County, entered an Order dismissing case number SM-2008-680, with prejudice, on September 19, 2008.

15.    The dismissal with prejudice by the District Court was a final adjudication on the merits.

16.    Defendant Midland is not the owner of this alleged debt.

17.     Defendant Midland reported to the credit reporting agencies that Plaintiff owed this money and was in default.

18.     Plaintiff did not owe this money to Defendant Midland.

19.     The debt being collected is a "consumer debt" as defined by the FDCPA.

20.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

21.     Defendant Midland is a "debt collector" as defined by the FDCPA.

22.     After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendants Experian and Equifax requesting an investigation of the Midland account that still appeared on Plaintiff's credit reports.

23.     Plaintiff requested the Midland account be deleted, as Plaintiff did not owe said account.

24.     Plaintiff requested  Defendants Experian and Equifax to contact the Defendant Midland's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from his credit reports.

25.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

26.     In fact, no Defendant performed any type of reasonable investigation.

27.     Defendants Experian and Equifax notified Defendant Midland in accordance with the FCRA of the dispute by the Plaintiff.

28.     Alternatively, Defendants Experian and Equifax did not properly notify Defendant Midland and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Midland. This includes notification that Plaintiff won the lawsuit in the District Court.

29.     All Defendants failed to properly investigate these disputes, and if Defendants had properly investigated, the Midland account would have been deleted.

30.     On September 29, 2008, Defendant Equifax issued its results of investigation, Confirmation report number 8270037390, showing the Defendant Midland account with a balance of $1,962, last reported in September, 2008, that it is a collection account, and it is disputed by the consumer.

31.     On October 14, 2008, Defendant Experian issued the results of its investigation, Report Number 2491060598, showing the Defendant Midland account as "updated" with a balance of "$1964 as of Oct 2008," last reported in October, 2008, that it is a collection account, it is disputed by the consumer, and stating "This item was verified and updated on Oct 2008." In addition, the Experian report states, "This account is scheduled to continue on record until Mar 2010."

32.     The reports of Defendants Experian and Equifax to Plaintiff following the dismissal of Defendant Midland's case with prejudice against her show that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation into Plaintiff's dispute.

33.     All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Midland through its Small Claims Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

34.     Defendants Equifax and Experian have proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

35.     For example, had Plaintiff not answered the small claims suit and a default

judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Equifax, Experian, and Trans Union would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

36.     Defendants Experian and Equifax, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff Valerie Heine prevailed at trial on the merits.

37.     The verdict for Plaintiff Valerie Heine means the Plaintiff does not owe the money claimed by Defendant Midland.

38.      The District Court's ruling was a final judgment.

39.     The dismissal with prejudice was not appealed to the Shelby County Circuit Court.

40.     There is no avenue for appeal for Defendant Midland of this judgment as the time to appeal has long since passed.

41.     Despite this knowledge, Defendants Equifax and Experian have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Midland, has told them to say.

42.     Defendants Equifax and Experian have a policy to favor the paying customer, in this situation Defendant Midland, rather than what the consumer or even a court says about a debt.

43.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

44.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45.     Defendant Midland has a policy and procedure to refuse to update credit reports of

consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland knows no balance is owed.

46.     Defendant Midland promises through its subscriber agreements or contracts to accurately update accounts but Defendant Midland has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Midland had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Midland has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to

pay on an account she does not owe.

51.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes.

52.     At all relevant times the Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b) and state law.

53.     Defendant Midland  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54.     Defendant Midland has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Equifax, Trans Union, and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55.     The Defendants, Experian and Equifax have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate the accounts in response to the disputes made by Plaintiff.

56.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.     It is a practice of Defendant Midland to maliciously, willfully, recklessly, wantonly

and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

58.     It is a practice of Defendants, Experian and Equifax to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

59.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

60.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

62.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63.     Defendant Midland violated the FDCPA in numerous ways, including, but

not limited to the following:

    a.    Falsely reporting the debt on Plaintiff's credit reports with at least Experian, Equifax, and Trans Union when Plaintiff does not owe the money;

    b.    Suing the Plaintiff when there was no basis to do so;

    c.    Continuing to assert the suit in state court when Defendant Midland knew, or should have known, there was no basis for doing so;

    d.    Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

    e.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Midland is not entitled to collect upon.

64.    The violations of the FDCPA by the Defendant Midland is the proximate cause of Plaintiffs' injuries under the FDCPA due to Defendant Midland's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

65.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66.     Defendants Experian and Equifax are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

67.     Defendant Midland is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

68.     Plaintiff notified Defendants Experian and Equifax directly of a dispute on the Defendant Midland's account's completeness and/or accuracy, as reported.

69.     The credit reporting agencies failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

70.     Plaintiff alleges that at all relevant times Defendants Experian and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71.     Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Midland.

72.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

73.    All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

74.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

75.    Defendant Midland published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

76.    Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

77.    Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

78.    Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

79.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

80.     Defendant Midland recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

81.     Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

82.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

83.     Defendant Midland has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

84.     Defendant Midland has agreed to follow and understands it must follow the requirements of the FCRA.

85.     Defendant Midland has a duty under Alabama law to act reasonably under

the circumstances.

86.     Defendant Midland has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

87.     Defendant Midland violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

88.     Defendants Experian and Equifax, violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendants had or owed to Plaintiff.

89.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.


                                        s/Wesley L. Phillips
                                        Wesley L. Phillips (PHI053)
                                        Vincent Adams (ADA071)
                                        Rick Kornis (KOR004)
                                        Attorneys for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com

OF COUNSEL:
ADAMS & KORNIS, LLC
4000 Eagle Pointe Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 259-1919
Facsimile: (866) 729-9203


### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.


s/Wesley L. Phillips
OF COUNSEL


Plaintiff's Address:
Valerie I. Heine
131 Flagstone Drive
Chelsea, Alabama 35043


### PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:


Midland Funding LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109



ELECTRONICALLY FILED
3/11/2009 1:41 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| VALERIE I. HEINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| MIDLAND FUNDING, LLC, a corporation; | ) | |
| EQUIFAX INFORMATION SERVICES, INC., | ) | |
| a corporation; and | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **Equifax Information Services, LLC**
**c/o CSC Lawyers Incorporating Service, Inc.**
**150 S. Perry Street**
**Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Shelby County Circuit Clerk, P.O. Box 1810, Columbiana, AL 35051.

_____
Clerk of Court

Dated: _____



ELECTRONICALLY FILED
3/11/2009 1:41 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| **VALERIE I. HEINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **MIDLAND FUNDING, LLC, a corporation;** | ) | |
| **EQUIFAX INFORMATION SERVICES, INC.,** | ) | |
| **a corporation; and** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>SUMMONS</u>

     This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**         **Experian Information Solutions, Inc.**
                             **c/o The Corporation Company**
                             **2000 Interstate Park Drive, Suite 204**
                             **Montgomery, Alabama 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Shelby County Circuit Clerk, P.O. Box 1810, Columbiana, AL 35051.

                                    _____
                                      Clerk of Court

Dated: _____

ELECTRONICALLY FILED
3/11/2009 1:41 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| VALERIE I. HEINE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | Case No.: _____ |
| | ) | |
| MIDLAND FUNDING, LLC, a corporation; | ) | |
| EQUIFAX INFORMATION SERVICES, INC., | ) | |
| a corporation; and | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation, | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **Midland Funding LLC**
**c/o CSC Lawyers Incorporating Service, Inc.**
**150 S. Perry Street**
**Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Shelby County Circuit Clerk, P.O. Box 1810, Columbiana, AL 35051.

_____
Clerk of Court

Dated: _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2009-900208.00 |
|---|---|---|

IN THE CIVIL COURT OF SHELBY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL

NOTICE TO   EQUIFAX INFORMATION SERVICES, LLC, C/O CSC LAWYERS INC SERV 150 SOUTH PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY VINCENT LEE ADAMS

WHOSE ADDRESS IS 4000 EAGLE POINTE CORPORATE DRIVE, BIRMINGHAM AL, 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   VALERIE I HEINE
   pursuant to the Alabama Rules of the Civil Procedure

| 3/11/2009 1:41:47 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s VINCENT LEE ADAMS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2009-900208.00 |
|---|---|---|

IN THE CIVIL COURT OF SHELBY, ALABAMA
VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL

NOTICE TO    MIDLAND FUNDING LLC, C/O CSC LAWYERS INC SERV 150 SOUTH PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY VINCENT LEE ADAMS

WHOSE ADDRESS IS 4000 EAGLE POINTE CORPORATE DRIVE, BIRMINGHAM AL, 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     VALERIE I HEINE
   pursuant to the Alabama Rules of the Civil Procedure

3/11/2009 1:41:47 PM                     /s MARY HARRIS
Date                                     Clerk/Register                              By

☑ Certified mail is hereby requested     /s VINCENT LEE ADAMS
                                         Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                 _____
Date                             Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2009-900208.00 |
|---|---|---|

IN THE CIVIL COURT OF SHELBY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL

EXPERIAN INFORMATION SOLUTIONS, INC, 2000 INTERSTATE PARK DR. SUITE 204, MONTGOMERY AL, 36109

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY VINCENT LEE ADAMS

WHOSE ADDRESS IS 4000 EAGLE POINTE CORPORATE DRIVE, BIRMINGHAM AL, 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     VALERIE I HEINE

pursuant to the Alabama Rules of the Civil Procedure

| 3/11/2009 1:41:47 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s VINCENT LEE ADAMS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____

Date        Server's Signature

AVS0500

ALABAMA JUDICIAL DATA CENTER
IN THE CIRCUIT COURT OF    SHELBY       COUNTY


VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL


KORNIS PAUL RICK
4000 EAGLE POINT CORP.DR.

BIRMINGHAM  AL  35242

CASE NUMBER: CV 2009 900208 00
PARTY NUMBER: C001


ALL CERTIFIED MAIL ISSUED FROM OUR OFFICE MUST CARRY THE RESTRICTED
POSTAGE AMOUNT.   PLEASE SUBMIT THE AMOUNT LISTED BELOW SO THAT YOUR
FILING MAY BE PROCESSED.   YOU MAY SEND A POSTAGE STRIP OR YOU MAY
SUBMIT A CHECK MADE PAYABLE TO POSTMASTER.   THANK YOU.

ADDITIONAL AMOUNT NEEDED: $13.25

CHECK IN THE AMOUNT OF $13.25 OR 2 SEPARATE POSTAGE STRIPS IN THE
AMOUNT OF $4.41 EACH


ISSUED ON: 03/18/2009   CLERK: MARY H. HARRIS
                                P.O. BOX 1810
                                COLUMBIANA   AL    35051
                                (205) 669-3760

(03/18/2009)   REC

AVSO500

ALABAMA JUDICIAL DATA CENTER
IN THE CIRCUIT COURT OF SHELBY           COUNTY


VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL


PHILLIPS WESLEY LEVON                     CASE NUMBER: CV 2009 900208 00
P.O. BOX 130488                           PARTY NUMBER: C001

BIRMINGHAM  AL  35213


ALL CERTIFIED MAIL ISSUED FROM OUR OFFICE MUST CARRY THE RESTRICTED
POSTAGE AMOUNT.   PLEASE SUBMIT THE AMOUNT LISTED BELOW SO THAT YOUR
FILING MAY BE PROCESSED.   YOU MAY SEND A POSTAGE STRIP OR YOU MAY
SUBMIT A CHECK MADE PAYABLE TO POSTMASTER.   THANK YOU.

ADDITIONAL AMOUNT NEEDED: $13.25

CHECK IN THE AMOUNT OF $13.25 OR 2 SEPARATE POSTAGE STRIPS IN THE
AMOUNT OF $4.41 EACH


   ISSUED ON: 03/18/2009   CLERK: MARY H. HARRIS
                                  P.O. BOX 1810
                                  COLUMBIANA  AL   35051
                                  (205) 669-3760

(03/18/2009)   REC

AVSO500                              ALABAMA JUDICIAL DATA CENTER
                              IN THE CIRCUIT  COURT OF   SHELBY      COUNTY


VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL

        ADAMS VINCENT LEE                      CASE NUMBER: CV 2009 900208 00
        608 WOODLAND TRACE WAY                 PARTY NUMBER: C001

        JASPER  AL   35504


ALL CERTIFIED MAIL ISSUED FROM OUR OFFICE MUST CARRY THE RESTRICTED
POSTAGE AMOUNT.   PLEASE SUBMIT THE AMOUNT LISTED BELOW SO THAT YOUR
FILING MAY BE PROCESSED.   YOU MAY SEND A POSTAGE STRIP OR YOU MAY
SUBMIT A CHECK MADE PAYABLE TO POSTMASTER.   THANK YOU.

ADDITIONAL AMOUNT NEEDED: $13.25

CHECK IN THE AMOUNT OF $13.25 OR 2 SEPARATE POSTAGE STRIPS IN THE
AMOUNT OF $4.41 EACH


        ISSUED ON: 03/18/2009   CLERK: MARY H. HARRIS
                                       P.O. BOX 1810
                                       COLUMBIANA   AL   35051
                                       (205)669-3760

   (03/18/2009)   REC

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Doo1
CV-09-90008

Sent To *Midland Funding LLC*
Street, Apt. No.; or PO Box No. *150 South Perry St*
City, State, ZIP+4 *Montgomery, AL 36104*

PS Form 3800, August 2006          See Reverse for Instructions

7008 1830 0001 6244 1988

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Doo2
CV-09-90008

Sent To *Equifax Info. Svcs, LLC*
Street, Apt. No.; or PO Box No. *150 South Perry St.*
City, State, ZIP+4 *Montgomery, AL 36104*

PS Form 3800, August 2006          See Reverse for Instructions

7008 0811 0001 6449 1717

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Doo3
CV-09-90008

Sent To *Experian Info Solutions, Inc*
Street, Apt. No.; or PO Box No. *2000 Interstate Pk Dr Ste 201*
City, State, ZIP+4 *Montgomery, AL 36109*

PS Form 3800, August 2006          See Reverse for Instructions

7008 0811 0001 6449 1755

√ CV-09-900208

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  Sara D. McLendon  ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)  SARA D. McLENDON  C. Date of Delivery |
| 1. Article Addressed to:<br>Equifax Information Svc, LLC<br>C/o CSC Lawyers Inc Serv<br>150 South Perry Street<br>Montgomery, AL 36104<br>CV-09-900208  DOO 2 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br>APR -9 2009<br><br>3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☒ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7008 1830 0001 6244 1971 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

Valerie I. Heine
V.
~~Hot~~ Midland Funding LLC. et al

√ CV·09·900208

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X D McLendon ☐ Agent ☑ Addressee <br> B. Received by ( *Printed Name*)   C. Date of Delivery <br> D. VELendon |
| 1. Article Addressed to: <br><br> Midland Funding LLC <br> C/o CSC Lawyers Inc Serv <br> 150 South Perry Street <br> Montgomery, AL 36104 <br><br> CV-09-9a208  D001 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> APR - 9 2009 <br><br> 3. Service Type <br> ☐ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☑ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)  ☑ Yes |
| 2. Article Number <br> (Transfer from service label) | 7008 1830 0001 6244 1988 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

Valerie I. Heine

v.

Midland Funding LLC et al

/CV. 09. 900208

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X D. M<sup>c</sup>Lendon  □ Agent  ☑ Addressee  B. Received by (Printed Name)   C. Date of Delivery  D. McLENDON  D. Is delivery address different from item 1? □ Yes  If YES, enter delivery address below: ☑ No |

Sara D. McLendon
SARA D. McLENDON

1. Article Addressed to:

Experian Information Solutions
INC
2000 Interstate DR. Ste 204
Montgomery, AL 36109

CV-09-900208 D003

APR -9 2009
DOWNTOWN USPS AL 36104

| 3. Service Type | |
|---|---|
| □ Certified Mail | □ Express Mail |
| □ Registered | ☑ Return Receipt for Merchandise |
| □ Insured Mail | □ C.O.D. |
| 4. Restricted Delivery? (Extra Fee) | ☑ Yes |

| 2. Article Number (Transfer from service label) | 7008 1830 0001 6244 1995 |
|---|---|

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Valerie I. Heine

v.

Midland Funding LLC et al

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

D003
CV-09-900208

Sent To Experian Information Solutions Inc
Street, Apt. No.; or PO Box No. 2000 Interstate Pk. Dr.
City, State, ZIP+4 Montgomery, AL 36109

7008 1830 0001 6244 2329

PS Form 3800, August 2006          See Reverse for Instructions

CV-09.900208

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  The Corporation Company  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery<br>The Corporation Company  4/23/09 |
| 1. Article Addressed to:<br>Experian Information<br>Solutions, INC<br>2000 Interstate Pk. DR.<br>Suite 204<br>Montgomery, AL 36109<br>CV-09-900208  Doc3 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7008 1830 0001 6244 2329 |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |

Valerie I. Heine
v.
Midland Funding LLC et al



**AlaFile E-Notice**

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:   ADAMS VINCENT LEE
      vince@aklegalgroup.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D002 EQUIFAX INFORMATION SERVICES
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  PHILLIPS WESLEY LEVON
wlp@wphillipslaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D002 EQUIFAX INFORMATION SERVICES
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  KORNIS PAUL RICK
      rick@aklegalgroup.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D002 EQUIFAX INFORMATION SERVICES
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  ADAMS VINCENT LEE
     vince@aklegalgroup.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D003 EXPERIAN INFORMATION SOLUTIO

CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00
Judge: J. MICHAEL JOINER

To:  KORNIS PAUL RICK
rick@aklegalgroup.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D003 EXPERIAN INFORMATION SOLUTIO
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  PHILLIPS WESLEY LEVON
     wlp@wphillipslaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D003 EXPERIAN INFORMATION SOLUTIO
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  ADAMS VINCENT LEE
     vince@aklegalgroup.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/23/2009

D003 EXPERIAN INFORMATION SOLUTIO
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



**AlaFile E-Notice**

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  KORNIS PAUL RICK
rick@aklegalgroup.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/23/2009

D003 EXPERIAN INFORMATION SOLUTIO
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  PHILLIPS WESLEY LEVON
     wlp@wphillipslaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/23/2009

D003 EXPERIAN INFORMATION SOLUTIO
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  ADAMS VINCENT LEE
     vince@aklegalgroup.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D001 MIDLAND FUNDING LLC
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  KORNIS PAUL RICK
     rick@aklegalgroup.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D001 MIDLAND FUNDING LLC
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To: PHILLIPS WESLEY LEVON
wlp@wphillipslaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was served on 4/9/2009

D001 MIDLAND FUNDING LLC

CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

ELECTRONICALLY FILED
3/11/2009 1:41 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| VALERIE I. HEINE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | Case No.: _____ |
| | ) | |
| MIDLAND FUNDING, LLC, a corporation; | ) | |
| EQUIFAX INFORMATION SERVICES, INC., | ) | |
| a corporation; and | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC AND EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Plaintiff Valerie I. Heine, by and through her undersigned counsel, and hereby requests that Defendants Equifax Information Services, LLC and Experian Information Solutions, Inc. (hereinafter, collectively, "you," "your," and/or "these Defendants"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests these Defendants attach a copy of each and every document referred to in any of the interrogatories or in these Defendants' responses thereto or that these Defendants state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

**I.   INTERROGATORIES:**

1.      State whether this Defendant's name is correctly is stated in the complaint filed in

this case.  If not, state the correct way this defendant should be designated as a party defendant in

the named action at the time of occurrence made the basis of this lawsuit and at the time of

response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place

of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the

date first qualified; the address of its principal place of business; and the full names of any and

all  subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other

like entities.

        a.      State the address of all business locations of this Defendant;

        b.      Describe the nature of this Defendant's business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were

witness to or who have personal knowledge of any of the facts, events, or matters that are alleged

in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe

and explain your understanding of the matters on which the persons named have knowledge. In

addition to identifying said individuals as specified in the instructions above, please include the

following:

      (a) Please state whether each such person is affiliated with, or related to, or employed

      by any party (or its agents, servants, officers, or employees) to this lawsuit;

      (b) If any of the persons so listed in response to this interrogatory do not fit the

characterization in subpart (a) above, please describe the nature of their involvement in

this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**


4.      Identify all correspondence or documents that refer or relate to any

correspondence or communication between you and any other defendant in this action, as well as

any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts,

events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or

defenses thereto.

**RESPONSE:**


5.      Please state whether you received any requests from Defendant Midland Funding

related to pulling Plaintiff's credit reports in connection with your response, please identify the

dates of such requests, the manner of the requests, the identifying data connected with the

requests, and explain and describe the reasons you allowed Defendant Midland Funding to have

access to Plaintiff's credit reports.

**RESPONSE:**


6.      State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your consumer

credit database and consumer reports you issued and to ensure credit pulls are only allowed when

the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.      If any document that is or would have been responsive to Plaintiff's Requests for

Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the

document, state the date of and reason for its destruction, and identify all persons having

knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.      Identify all documents in your possession that you claim are privileged,

identifying the types of documents, dates of documents, subject matter of the documents, authors

and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.      If any document responsive to Plaintiff's Request for Production of Documents to

you is withheld from production, identify each such document by date, title, subject matter,

length and the request to which it is potentially responsive and state the reason for withholding

production, and identify each person to whom the document was sent, shown, or made

accessible, or to whom it was explained.

**RESPONSE:**

10.     Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**


11.     If your answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**


12.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


14.     State the name, address, phone number, and employer of each and every person

known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**


15.     State whether, in the past ten years, you have been named a party defendant in any other lawsuit  involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**


16.     State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**RESPONSE:**

17.    State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**


**II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.    Admit or deny that you followed all policies and procedures for allowing Defendant Midland Credit to pull Plaintiff's credit reports.

**RESPONSE:**

2.    Admit or deny you intended that other persons or entities would see the credit pulls by Defendant Midland Credit if such other persons or entities reviewed Plaintiff's credit report maintained by you.

**RESPONSE:**

3.    Admit or deny the credit pulls by Defendant Midland Credit do not improve Plaintiff's credit history.


**RESPONSE:**

4.    Admit or deny the credit pulls by Defendant Midland Credit lower Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

5.    Admit or deny you have not yet deleted the inquiries of Midland Credit from Plaintiff's credit reports.

**RESPONSE:**

    6.      Admit or deny the Plaintiff does not have a choice on whether you will maintain a credit report on her.

**RESPONSE:**


**III.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

    1.      Please produce all documents evidencing, relating to, and/or involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

    2.      Produce each and every document that refers to the plaintiff.

    3.      Please produce all documents evidencing, relating to, and/or involving or constituting communications between you and the plaintiff or anyone acting on or purporting to act on the plaintiff's behalf.

    4.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

    5.      Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

    6.      Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning  your subscriber relationships with all other defendants.

    7.      Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any

information regarding Plaintiff reported by you.

8.    Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9.    Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

10.    Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

11.    Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.    Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

13.    Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.

    s/Wesley L. Phillips          
Wesley L. Phillips (PHI053)
Vincent Adams (ADA071)
Rick Kornis (KOR004)
Attorneys for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

OF COUNSEL:
ADAMS & KORNIS, LLC
4000 Eagle Pointe Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 259-1919
Facsimile: (866) 729-9203

## PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.



ELECTRONICALLY FILED
3/11/2009 1:41 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| VALERIE I. HEINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| MIDLAND FUNDING, LLC, a corporation; | ) | |
| EQUIFAX INFORMATION SERVICES, INC., | ) | |
| a corporation; and | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT MIDLAND FUNDING, LLC

COMES NOW Plaintiff Valerie Heine, by and through her undersigned counsel, and hereby requests that Defendant Midland Funding, LLC (also referred to as "you," "your," and "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff requests this Defendant attach a copy of each and every document referred to in any of the interrogatories or in this Defendant's responses thereto or that this Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

**I.   INTERROGATORIES:**

1.   State whether this Defendant's name is correctly is stated in the complaint filed in this case.  If not, state the correct way this defendant should be designated as a party defendant in

the named action at the time of occurrence made the basis of this lawsuit and at the time of response

to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place

of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date

first qualified; the address of its principal place of business; and the full names of any and all

subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like

entities.

        a.      State the address of all business locations of this Defendant;

        b.      Describe   the   nature   of   this   Defendant's   business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness

to or who have personal knowledge of any of the facts, events, or matters that are alleged in

Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and

explain your understanding of the matters on which the persons named have knowledge. In

addition to identifying said individuals as specified in the instructions above, please include the

following:

(a) Please state whether each such person is affiliated with, or related to, or employed

by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the

characterization in subpart (a) above, please describe the nature of their involvement in this

lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.      Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.      State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database and that such information is accurately reported to the credit reporting agencies, including Equifax, Experian, and Trans Union.

**RESPONSE:**

6.      For each request for admission to which you did not give an unqualified "admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**

7.      Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

      8.     What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

      9.     Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

      10.    State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

      11.    State how many credit reports of consumers in Alabama did you pull in 2007 and how many in 2008?

**RESPONSE:**

      12.    For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**

13.    State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


**II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.    Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.    Admit or deny you told Equifax, Experian, and/or Trans Union that Plaintiff had given you permission to pull her reports.

**RESPONSE:**

3.    Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**

**III.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.    Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiffs and/or any of Plaintiffs' personal identifiers.

2.    Produce all documents that reference, relate, and/or refer in any way to the Plaintiffs.

3.    Produce all documents evidencing, relating, referencing, involving and/or

constituting communications between you and Plaintiff or anyone acting on or purporting to act on Plaintiff's behalf.

4.      Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.      Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.      Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

7.      Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.      Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

9.      Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.     Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.     Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

12.     Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

  s/Wesley L. Phillips       
Wesley L. Phillips (PHI053)
Vincent Adams (ADA071)
Rick Kornis (KOR004)
Attorneys for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com

OF COUNSEL:
ADAMS & KORNIS, LLC
4000 Eagle Pointe Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 259-1919
Facsimile: (866) 729-9203

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

58-SHELBY

☐ District Court   ☑ Circuit Court

ELECTRONICALLY FILED
4/27/2009 3:24 PM
CV-2009-900208.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

Cas...
CV2...

**CIVIL MOTION COVER SHEET**

VALERIE I HEINE V. MIDLAND FUNDING LLC ET AL

Name of Filing Party: D001 - MIDLAND FUNDING LLC

Name, Address, and Telephone No. of Attorney or Party, If Not Represented.
JASON BRENT TOMPKINS
1901 SIXTH AVENUE NORTH, SUITE 1500
BIRMINGHAM, AL 35203

Attorney Bar No.: TOM017

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Other _____ | ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| ☐ Local Court Costs $ _____ | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   JOINT STIPULATION OF DISMISSAL |
| | pursuant to Rule OF ALL CLAIMS AGAINST MIDLAND (Subject to Filing Fee) FUNDING, LLC |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:  4/27/2009 3:23:32 PM | Signature of Attorney or Party:  /s JASON BRENT TOMPKINS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I. HEINE,            )
                                   )
       Plaintiff,          )
                                   )
v.                               )     CV-2009-900208
                                   )
MIDLAND FUNDING, LLC; et al.,    )
                                   )
       Defendants.       )

## JOINT STIPULATION OF DISMISSAL
## OF ALL CLAIMS AGAINST MIDLAND FUNDING, LLC

Defendant Midland Funding, LLC and Plaintiff Valerie I. Heine, by and through their undersigned counsel, stipulate and agree that all claims against Midland Funding, LLC, only, may be dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Respectfully submitted this **27ᵗʰ** day of April, 2009.

_____
One of the Attorneys for Defendant
Midland Funding, LLC

**OF COUNSEL:**

Eric Langley
Jason B. Tompkins
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
elangley@balch.com
jtompkins@balch.com

1

_____

Attorney for Plaintiff Valerie I. Heine

**OF COUNSEL:**

Wesley L Phillips
PHILLIPS LAW GROUP LLC
PO Box 130488
Birmingham, AL 35213-0488
Telephone: (205) 383-3585
wlp@wphillipslaw.com

## CERTIFICATE OF SERVICE

I herby certify that on this **27th** day of April, 2009, I have filed the above and foregoing with the Clerk of the Court via Alafile, which will send notification to all counsel of record listed below:

Wesley L Phillips
PHILLIPS LAW GROUP LLC
PO Box 130488
Birmingham, AL 35213-0488
wlp@wphillipslaw.com

Equifax Information Services, LLC
c/o CSC Lawyers Incorporation Services, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.,
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

_____
Of Counsel

2



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:   JASON BRENT TOMPKINS
      jtompkins@balch.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was FILED on 4/27/2009 3:24:24 PM

D001 MIDLAND FUNDING LLC
JOINT STIPULATION OF DISMISSAL OF ALL CLAIMS AGAINST MIDLAND FUNDING, LLC
[Attorney: TOMPKINS JASON BRENT]

Notice Date:      4/27/2009 3:24:24 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



**AlaFile E-Notice**

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  EQUIFAX INFORMATION SERVICES (PRO SE)
C/O CSC LAWYERS INC SERV
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was FILED on 4/27/2009 3:24:24 PM

D001 MIDLAND FUNDING LLC
JOINT STIPULATION OF DISMISSAL OF ALL CLAIMS AGAINST MIDLAND FUNDING, LLC
[Attorney: TOMPKINS JASON BRENT]

Notice Date:     4/27/2009 3:24:24 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  EXPERIAN INFORMATION SOLUTIO (PRO SE)
2000 INTERSTATE PARK DR.
SUITE 204
MONTGOMERY, AL 36109

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was FILED on 4/27/2009 3:24:24 PM

D001 MIDLAND FUNDING LLC

JOINT STIPULATION OF DISMISSAL OF ALL CLAIMS AGAINST MIDLAND FUNDING, LLC

[Attorney: TOMPKINS JASON BRENT]

Notice Date:      4/27/2009 3:24:24 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  MIDLAND FUNDING LLC        (PRO SE)
C/O CSC LAWYERS INC SERV
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was FILED on 4/27/2009 3:24:24 PM

D001 MIDLAND FUNDING LLC
JOINT STIPULATION OF DISMISSAL OF ALL CLAIMS AGAINST MIDLAND FUNDING, LLC
[Attorney: TOMPKINS JASON BRENT]

Notice Date:     4/27/2009 3:24:24 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:  ADAMS VINCENT LEE
vince@aklegalgroup.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was FILED on 4/27/2009 3:24:24 PM

D001 MIDLAND FUNDING LLC
JOINT STIPULATION OF DISMISSAL OF ALL CLAIMS AGAINST MIDLAND FUNDING, LLC
[Attorney: TOMPKINS JASON BRENT]

Notice Date:      4/27/2009 3:24:24 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:   KORNIS PAUL RICK
      rick@aklegalgroup.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was FILED on 4/27/2009 3:24:24 PM

D001 MIDLAND FUNDING LLC
JOINT STIPULATION OF DISMISSAL OF ALL CLAIMS AGAINST MIDLAND FUNDING, LLC
[Attorney: TOMPKINS JASON BRENT]

Notice Date:     4/27/2009 3:24:24 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2009-900208.00

Judge: J. MICHAEL JOINER

To:   PHILLIPS WESLEY LEVON
      wlp@wphillipslaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VALERIE I HEINE v. MIDLAND FUNDING LLC ET AL
58-CV-2009-900208.00

The following matter was FILED on 4/27/2009 3:24:24 PM

D001 MIDLAND FUNDING LLC

JOINT STIPULATION OF DISMISSAL OF ALL CLAIMS AGAINST MIDLAND FUNDING, LLC

[Attorney: TOMPKINS JASON BRENT]

Notice Date:      4/27/2009 3:24:24 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

VALERIE I. HEINE,                          )
                                           )
       Plaintiff,                      )
                                           )
v.                                         ) Case No. _____
                                           )
MIDLAND FUNDING, LLC, EQUIFAX )
INFORMATION SERVICES, INC., and )
EXPERIAN INFORMATION                       )
SOLUTIONS, INC.,                           )
                                           )
       Defendants.                     )

## CONSENT TO REMOVAL

Without waiving any of its defenses or any other rights, Defendant Experian

Information Solutions, Inc., hereby consents to the removal of the above-captioned

matter from the Circuit Court for Shelby County, Alabama to the United States

District Court for the Northern District of Alabama, Western Division.

Dated: May //*/*, 2009.

Laura C. Nettles
Attorney for Defendant Experian
Information Solutions, Inc.

**OF COUNSEL:**
**LLOYD, GRAY & WHITEHEAD, P.C.**
Colonial Bank Building
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
(205) 967-8822
(205) 967-2380 – *facsimile*
lnettles@lgwpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the ___11th___ day of **May, 2009**, a true and correct copy of the foregoing has been delivered by U.S. Mail, properly addressed and postage prepaid to the following:

Vincent Lee Adams
608 Woodland Trace Way
Jasper, Alabama 35504

Wesley L. Phillips
Phillips Law Group
15 Office Park Circle
Suite 206
Birmingham, Alabama 35223

Paul R. Kornis
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242

Jason Brent Tompkins
Balch & Bingham, LLP
P.O. Box 306
Birmingham, Alabama 35201

Brian J. Olson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

_Laura C. Nettles_
OF COUNSEL